

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-16-00116-CV

IN THE INTEREST OF G.W.R., J.J.P., AND M.L.P., CHILDREN

On Appeal from the 223rd Judicial District Court
Gray County, Texas
Trial Court No. 38,006, Honorable Jack M. Graham, Presiding

May 17, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, W.P., had her parental rights to G.W.R., J.J.P., and M.L.P. terminated and has appealed from that order. Her appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief wherein he certified that, after diligently searching the record, he has concluded that the appeal is without merit. Along with his brief, appellate counsel filed a copy of a letter sent to W.P., on April 14, 2016, informing her of her right to file a response *pro se*. In that letter, counsel represented that he had provided a paper copy of the appellate record to W.P. This court also informed W.P. by

_____

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

letter dated April 20, 2016 of her right to file a response and set the deadline to do so at May 10, 2016. To date, we have not received a response.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed the legal and factual sufficiency of the evidence to support the trial court's statutory findings under the Texas Family Code § 161.001(b)(1)(D), (E) and (O) as a basis for termination and the finding that termination is in the best interests of the children. We also have conducted our own review of the record to uncover any reversible error and have found none. We agree that the appeal is frivolous and without merit.

Accordingly, the judgment is affirmed. We deny counsel's motion to withdraw. *See In re P.M.*, No. 15-0171, 2016 Tex. LEXIS 236, at *7-8 (Tex. April 1, 2016) (per curiam) (holding that 1) the right to appointed counsel under § 107.013(a)(1) of the Family Code includes the exhaustion of appellate remedies through the Texas Supreme Court, 2) counsel's belief that his client has no grounds to seek further review is not alone good cause to permit counsel's withdrawal, and 3) appointed counsel's obligations can be satisfied by filing a petition for review with the Supreme Court comporting with *Anders*).

Brian Quinn
Chief Justice